IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

GUDELIO ROSAS,                        )
                                        )
          Plaintiff,              )    TC-MD 130563N
                                          )
      v.                          )
                                        )
DEPARTMENT OF REVENUE,      )
State of Oregon,                  )
                                        )
          Defendant.        )   **FINAL DECISION**

The court entered its Decision in the above-entitled matter on May 29, 2014. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision was entered. The court's Final Decision incorporates its Decision without change.

Plaintiff appeals Defendant's notices of deficiency assessment for the 2008 and 2009 tax years. Defendant filed a Motion to Dismiss Plaintiff's appeal for the 2009 tax year, asserting that it was not timely filed under ORS 305.280. In an Order issued February 26, 2014, the court granted Defendant's Motion to Dismiss based on its finding that Plaintiff's appeal for the 2009 tax year was not filed within the time allowed under ORS 305.280(2). The court scheduled a telephone trial on April 21, 2014, to consider Plaintiff's appeal for the 2008 tax year.

A telephone trial was held in this matter on April 21, 2014. Plaintiff appeared and testified on his own behalf through a Spanish interpreter provided by the court. Aaron Snyder, tax auditor, appeared on behalf of Defendant. Plaintiff's Exhibits 1 to 56 and Defendant's Exhibits A to N were received without objection. During trial, Plaintiff referenced other documents not included with Plaintiff's Exhibits. The court denied Plaintiff's verbal request to submit additional exhibits following trial.

## I.  STATEMENT OF FACTS

Plaintiff filed an amended Oregon income tax return for the 2008 tax year claiming five individuals as dependents.  (Ptf's Exs 26-29.)  Plaintiff testified that three of the individuals claimed as dependents are his children who lived with their mother, Isabel Leon Lopez (Lopez), in California in 2008.  He testified that the three children visited him for about one month in 2008.  Plaintiff testified that the three children who lived in California were 8, 10, and 15 years old in 2008.  He testified that he was not married to Lopez in 2008.  Plaintiff testified that he was not obligated to pay child support in 2008, although he provided a one-page excerpt from a "Child Support Worksheet" revised in July 2013.  (Ptf's Ex 51.)  Defendant asked Plaintiff if the child support worksheet or child support order stated whether Plaintiff was entitled to claim the three children as dependents.  Plaintiff responded that Defendant had received the documents.[1] Plaintiff provided evidence, including money transfers and cancelled checks, that he sent money for the children to Lopez in 2008.  (*See* Ptf's Exs 1, 15, 50.)

Plaintiff testified that the other two dependents he claimed are his father, Serafin Rosas, and his son, both of whom lived in Mexico.  He testified that his son who lived in Mexico was a minor in 2008.  Plaintiff testified that his father and son lived in a house with Plaintiff's mother, Aurora Aguilar Rosas, and his sisters, Marisela Rosas Mendoza and Angelina Rosas Mendoza.  He testified that his father owned the house.  Plaintiff provided evidence that he sent money to his mother and sisters in 2008.  (*See* Ptf's Exs 42, 43, 44, 49.)  He testified that the money was for his father and his son.  Plaintiff testified that his mother and sisters worked to support themselves, not Plaintiff's father and son.  Plaintiff's father received a monthly Social Security

---

[1] Plaintiff's Exhibit 51 is identified as page 1 of 6 of a "Child Support Worksheet" and as page 13 of 28 of a document entitled "*In the Matter of Child Support: Gudelio Rosas and Isabel Leon*."  No additional pages of either document were provided with Plaintiff's exhibits.

benefit of $455 beginning in December 2008. (Ptf's Ex 40.) Plaintiff testified that those funds were deposited directly into his father's bank account in Mexico.

## II. ANALYSIS

"[T]he Oregon legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code [IRC] * * * subject only to modifications specified in Oregon law." *Voy v. Dept. of Rev.*, 20 OTR 179, 181 (2010), citing *Ormsby v. Dept. of Rev.*, 18 OTR 146, 151 (2004) (internal quotation marks omitted); ORS 316.007.[2] IRC section 152 defines a "dependent" as "a qualifying child" or "a qualifying relative" of the taxpayer. "The term 'dependent' does not include an individual who is not a citizen or national of the United States unless such individual is a resident of the United State or a country contiguous to the United States." IRC § 152 (b)(3)(A); *see also* Treas Reg § 1.152-2(a)(1) (specifically identifying residents of Mexico as eligible dependents).

The distinction between "a qualifying child" and "a qualifying relative" under IRC section 152(a) is important because, although taxpayers must prove that they have financially supported their qualifying relatives, they need not prove that they have similarly supported their qualifying children. *See id*. §§ 152(c); 152(d)(C). Under IRC section 152(c), a person claimed as a qualifying child for a given taxable year must be someone: (A) who is the taxpayer's child, or sibling, or the descendant of the taxpayer's child or sibling; (B) "who has the same principal place of abode as the taxpayer for more than one-half of such taxable year"; (C) who is under age 19 or a student under age 24; (D) who has not provided over one-half of his or her own support for the appropriate year; and (E) who has not filed a joint return with a spouse during the appropriate year. *Id*. §§ 152(c), 152(b)(2).

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2007.

Plaintiff testified that four of the individuals claimed as dependents on his 2008 amended Oregon income tax return were his minor children. However, Plaintiff testified that those children lived in either California or Mexico in 2008. None of the children lived with Plaintiff in 2008. Thus, none of Plaintiff's four children qualified as Plaintiff's dependents under IRC section 152(c) because none of them had the same principal place of abode as Plaintiff for at least half of 2008. IRC § 152(c)(1)(B).

To be a "qualifying relative" under IRC section 152(d), the individual in question must have a relationship as described in IRC section 152(d)(2), which includes siblings, children, and parents as qualifying relations. The individual in question must not be "a qualifying child of such taxpayer or of any other taxpayer" for the tax year.[3] IRC § 152(d)(1)(D). The individual in question must have gross income for the tax year that is less than the exemption amount of $3,650. IRC § 152(d)(1)(B), *citing* IRC § 151(d); *see also* IRS Pub 501 at 12 (Dec 2009), *available at* http://www.irs.gov/pub/irs-prior/p501--209.pdf. The taxpayer must provide more than one-half of the total support for the individual in question for the tax year. *Id.* at (d)(1)(C).

In order to prove that the taxpayer provides over one-half of the support for the individual in question, the taxpayer must prove the following: the amount of support the taxpayer provided to the individual in question; the total household expenses for the year of the individual in question; any income earned by the individual in question or other household members; and whether anyone else furnished funds to the household of the individual in question. Applicable treasury regulations identify information that must be considered to determine if an individual is a dependent:

/ / /

---

[3] There is a question in this case of whether the mother of Plaintiff's children, Lopez, could or did claim the three children as her dependents because the children lived with her in 2008.

"(2)(i) For purposes of determining whether or not an individual received, for a given calendar year, over half of his support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied. The term 'support' includes food, shelter, clothing, medical and dental care, education, and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value.

"(ii) In computing the amount which is contributed for the support of an individual, there must be included any amount which is contributed by such individual for his own support, including income which is ordinarily excludable from gross income, such as benefits received under the Social Security Act * * *."

Treas Reg § 1.152-1.

ORS 305.427 places the burden of proof upon the party seeking affirmative relief before the Tax Court and a preponderance of the evidence is required to sustain the burden of proof. The Oregon Supreme Court has stated that a preponderance of the evidence is "generally accepted to mean the greater weight of evidence." *Riley Hill General Contractor v. Tandy Corp.*, 303 Or 390, 394, 737 P2d 595 (1987). In this case, Plaintiff seeks affirmative relief and, therefore, bears the burden of proof. In order to prevail, Plaintiff must establish all the elements of his case by a preponderance of the evidence. Written documentation is typically necessary to prove claimed expenses by a preponderance of the evidence. *See, e.g., Gutierrez v. Dept. of Rev.*, TC-MD No 100160D at 2-3 (Oct 21, 2010) (without written documentation the court was unable to find that the taxpayer was entitled to her claimed dependents).

Plaintiff provided evidence that, in 2008, he sent some money to his father and son in Mexico as well as to his three children in California. It is unclear how much money Plaintiff sent in 2008 because some of Plaintiff's exhibits are duplicates and some appear to have been altered. (*See, e.g.,* Ptf's Exs 1, 8, and 9 (same document); *see, e.g.,* Ptf's Exs 14 and 47

(documents include the same "reference number," but the date has been changed).) Thus, Plaintiff's exhibits do not provide reliable evidence of the amount of money that Plaintiff sent to his claimed dependents in 2008. Plaintiff failed to present any evidence that he provided more than one-half of the support of any of his claimed dependents in 2008. Plaintiff presented no evidence of the total support of any of his claimed dependents in 2008 and, instead, argued that the burden to produce that evidence fell upon Defendant. For example, Plaintiff stated that he provided Defendant with a telephone number for Lopez and argued that Defendant should have called her to request evidence of the total support of her children.

Plaintiff is mistaken. Under ORS 305.427, Plaintiff bears the burden of proof in this matter and, therefore, must prove by a preponderance of the evidence that he meets all of the requirements to claim an individual as a qualifying relative under IRC section 152(d). One requirement under IRC section 152(d)(1)(C) is that the taxpayer claiming an individual as a qualifying relative dependent must show that the taxpayer provided more than one-half of the total support for that individual for the tax year at issue. Plaintiff presented no evidence that he met that requirement of the IRC and, therefore, failed to meet his burden of proof.

### III. CONCLUSION

After careful consideration, the court concludes that Plaintiff has failed to prove by a preponderance of the evidence that he was entitled to claim as dependents any of the five individuals listed on Plaintiff's 2008 amended Oregon income tax return. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's 2008 tax year appeal is denied.

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER DECIDED that Plaintiff's 2009 tax year appeal is dismissed.

Dated this ____ day of June 2014.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on June 16, 2014. The court filed and entered this document on June 16, 2014.*